April 14th, 2025

Judge Sean H. Lane
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

    Re:   *In re Santiago Quezada, Sr.* - **Chapter 11 Bankruptcy Subchapter V**
           **Case No. 24-22431-SHL**

Your Honor,

    I write in response to the Court's requests regarding my appeal. Together with this letter, I am providing the items to be included in the record and support the reasons for the appeal. These include a Court Order dated March 17th, 2025 (Docket #55) and a modified bench ruling dated March 31st, 2025 (Docket #65).

    With respect to a statement of issues, the reason for the appeal is that creditor Maria Jose Pizarro failed to submit her claim in this bankruptcy in a timely manner. And therefore, her claim should be time barred and prohibited. The Court set a deadline for all creditor claims to be submitted. Ms. Pizarro filed her claim several months after this deadline. Her claims should not have been allowed to proceed in my bankruptcy.

                                                     Very truly yours,

                                                     Santiago Quezada, Sr.

                                                     *Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Case 24-22431-SHL |
|---|---|
| SANTIAGO QUEZADA, SR. | Chapter 11, Subchapter V |
| Debtor | Re: ECF #31, #35 |

## ORDER DENYING DEBTOR'S OBJECTION TO CLAIM #6 AND GRANTING CREDITOR MARIA JOSE PIZARRO'S CROSS-MOTION TO FILE SAID CLAIM AFTER CLAIMS BAR DATE

Upon the Debtor's objection (ECF #31) to Claim #6 filed by Maria Jose Pizarro ("Pizarro") and Pizarro's cross-motion (ECF #35) to file Claim #6 after the claims bar *date for the reasons stated on the record at the hearing on February 26, 2025 [SHL]*; now, therefore, it is hereby:

ORDERED, that the Debtor's objection to Claim #6 is hereby denied; and it is further

ORDERED, that should the Debtor require further elaboration of the grounds for the denial of the objection, he may make such a request to the Court; and it is further

ORDERED, that Pizarro's cross-motion to file Claim #6 after the claims bar date is hereby granted, and Claim #6 was and shall be treated as timely-filed; and it is further

ORDERED, that this Court shall retain jurisdiction to implement, interpret and enforce the terms hereof.

Dated: White Plains, New York
       March 17, 2025

                                                      */s/ Sean H. Lane*
                                                    United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |
| ------------------------------------------------------x <br> In re: | Chapter 11, Subchapter V |
| SANTIAGO QUEZADA, SR., <br> Debtor. | Case No. 24-22431 (SHL) |
| ------------------------------------------------------x | |

## MODIFIED BENCH RULING[1]

Before the Court is the Debtor's Motion for Objection to Claim Number 6 [ECF No. 31][2] (the "Claim Objection") and the Creditor Maria Pizarro's Cross Motion to File Her Proof of Claim After the Claims Bar Date [ECF No. 34] (the "Cross Motion"). Ms. Pizarro asserts that she did not receive actual notice of the Bar Date (as defined below) setting the deadline for filing claims in the Debtor's Chapter 11 case, and therefore the Court should deem her proof of claim as timely, even though it was filed three months after the Bar Date. In the alternative, Ms. Pizarro maintains that she meets the excusable neglect standard to permit a late-filed claim. For the reasons stated below, the Claim Objection is denied and the Cross Motion is granted.

## BACKGROUND

On May 14, 2024 (the "Petition Date"), the Debtor Santiago Quezada, Sr. filed a Chapter 11 petition under Subchapter V seeking relief under the Bankruptcy Code. Maria Pizarro is a prepetition judgment creditor of the Debtor and the largest creditor in the Debtor's bankruptcy case. *See* S.D.N.Y. Case No. 20-cv-5783-AKH, ECF No. 194 (the "Civil Action"); *see also*

---

[1] This modified bench decision is derived from the Court's oral bench ruling on March 31, 2025. The substance of this decision is the same as the oral bench ruling, but it has been edited for clarity and readability. Given its origin as a bench ruling, this decision occasionally strikes a more conversational tone than the Court's other more formal written opinions.

[2] Unless otherwise indicated, references in this Modified Bench Ruling to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Case No. 24-22431.

*Pizarro v. Euros El Tina Restaurant Lounge and Billiards Corp.*, 2024 WL 837572 (S.D.N.Y. Feb. 27, 2024). Ms. Pizarro obtained the entry of a judgment against the Debtor in an action before the Southern District of New York that arose, in part, from an allegation of sexual abuse and an attempted rape. As of the Petition Date, Ms. Pizarro had a judgment against the Debtor in the amount of $2,972,108.12, plus post-judgment interest that has accrued on that amount since February 2024.

On May 28, 2024, the Debtor filed Schedules E/F that listed Ms. Pizarro's claim as disputed. [ECF No. 11] (the "Schedules"). The Debtor marked Ms. Pizarro's claim as disputed because of his intention to appeal the judgment. However, according to Ms. Pizarro's counsel, that judgment is final. *See* Cross Motion n.1. The Schedules did not list Ms. Pizarro's home address but instead identified her address as c/o her counsel of record in the Civil Action, Evan Brustein of Brustein Law PLLC ("Brustein Law"). No additional notice address was listed, other than Mark A. Marino P.C., who was co-counsel for Ms. Pizarro in the Civil Action. *See generally* Schedules.

On August 8, 2024, the Court entered an order [ECF No. 16] (the "Bar Date Order") establishing September 13, 2024, as the last day for non-governmental creditors to file a proof of claim (the "Bar Date"). On August 13, 2024, counsel for the Debtor served all interested parties by first class mail with notice of the Bar Date. [ECF No. 25] (the "Bar Date Notice"). The Bar Date Notice was served on Ms. Pizarro by serving her care of the lawyers who represented her in the Civil Action: Brustein Law PLLC at 299 Broadway, 17th Floor, New York, NY 10007 and Mark A. Marino PC at 99 Wall Street, Ste. 1865, New York, NY 10005. *See generally* Bar Date Notice. It is undisputed that Ms. Pizarro was not served in August 2024 with the Bar Date Notice at her home address.

On September 11, 2024, two days before the Bar Date, Debtor's counsel emailed Ms. Pizarro a copy of the Bar Date Order and accompanying notice. Declaration of Maria Jose Pizarro ¶ 5 [ECF No. 36] (the "Pizarro Declaration"); Pizarro Decl. Ex. 2. According to Ms. Pizarro's Declaration, she never gave consent, written or otherwise, to service on her by email, under FRCP 5(B)(F) and/or FRBP 9036(b)(2). *See* Pizarro Decl. ¶ 6. On September 12, 2024, the day before the Bar Date, Ms. Pizarro, acting *pro se*, emailed Debtor's counsel a completed and executed proof of claim form. *See* Pizarro Decl. ¶ 7; Pizarro Decl. Ex. 3. A week later, on September 19, 2024, Ms. Pizarro uploaded the same claim using this Court's *pro se* upload tool. *See* Pizarro Decl. ¶¶ 8–9; Pizarro Decl. Ex. 4.

No counsel made an appearance in the bankruptcy case on behalf of Ms. Pizarro until December 9, 2024. On that day, Brustein Law, listing its office as 299 Broadway, Ste. 17th Floor, New York, NY 10007, filed a Notice of Appearance on behalf of Ms. Pizarro, [ECF No. 30]. Counsel then proceeded to file Claim No. 6 (the "Pizarro Claim") on Ms. Pizarro's behalf via ECF. *See* Bankruptcy Court, Southern District of New York Claims Register for Case No. 24-22431 (reflecting filing of Claim No. 6 on December 9, 2024).

On December 23, 2024, the Debtor filed the Claim Objection, seeking to disallow and expunge the Pizarro Claim filed on behalf of Ms. Pizarro in its entirety. [ECF No. 31]. On January 7, 2025, counsel for Ms. Pizarro filed a Response to the Claim Objection [ECF No. 34], as well as the Cross Motion. On February 22, 2025, a hearing was held on the Claim Objection and Cross Motion, where the Court took the matter under advisement. At a hearing on February 26, 2025, the Court shared its view that it would be denying the Claim Objection and outlined the reasons. The Court explained its intention to provide a more fulsome ruling, but Debtor's counsel explained that a more detailed ruling might not be necessary as counsel did not believe

3

that the Debtor intended to appeal. Accordingly, on March 17, 2025, the Court entered an order granting the Cross Motion but left open the option of the Debtor seeking a more detailed ruling for purposes of any appeal. *See* Order Denying Debtor's Objection to Claim #6 and Granting Creditor Maria Jose Pizarro's Cross-Motion to File Said Claim After Claim Bar Date [ECF No. 55]. As the Debtor has now requested such a detailed ruling, the Court now provides this Modified Bench Ruling.

## DISCUSSION

### I. The Applicable Standard for Notice

The constitutional standard for due process requires that "known creditors" in a bankruptcy case receive actual notice of the bar date. *City of New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 296–97 (1953). "A known creditor is one whose identity is either known or reasonably ascertainable by the debtor. The debtor must provide a known creditor with actual written notice of the bar date." *In re Exide Technologies*, 600 B.R. 753 (Bankr. D. Del. 2019) (citations and quotations omitted). "Known creditors . . . must be afforded notice reasonably calculated, under all the circumstances, to apprise them of the pendency of the bar date." *In re R.H. Macy & Co.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) (citations and quotations omitted). "[I]f a creditor is not given reasonable notice of the bankruptcy proceeding and the relevant bar dates, its claim cannot be constitutionally discharged." *In re U.S.H. Corp.*, 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998). In Chapter 11, therefore, a known creditor must receive proper, adequate notice before its claim is barred forever. *See In re Best Prods. Co.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992). Furthermore, a bar date is strictly enforced except when a known creditor failed to receive notice of the bar date. *See id.* at 358.

Fed. R. Bankr. Pro. 2002(a)(7) requires that twenty-one days' "notice" by mail be given to the "creditor[]" of the time to file a proof of claim, unless an order limiting notice provides otherwise. Fed. R. Bankr. Pro. 2002(a)(7). A creditor who "was a known creditor of [the Debtor] at the time of the bankruptcy filing, [is] entitled to specific notice" of the bar date, under to Fed. R. Bankr. Pro. 2002(a)(7). *In re J.A. Jones, Inc.*, 492 F.3d 242, 252 (4th Cir. 2007) (rejecting argument that a "known creditor" is not entitled to "actual notice" because their claim is disputed); *Fogel v. Zell*, 221 F.3d 955, 962–63 (7th Cir. 2000) (Posner, J.) (even where creditors "cannot complain about a denial of due process . . . they are entitled to the equivalent protections under the notice provisions of the Bankruptcy Code" and "[i]f his name and address are reasonably ascertainable, he is entitled to have that information sent directly to him"); *In re Exide Technologies*, 600 B.R. 753, 763 (Bankr. D. Del. 2019) ("Whether specific notice satisfies these requirements [due process] requirements depends on whether the creditor is known or unknown.").

## II. Notice of the Bar Date Here

Applying the principles above to the facts here, the Court finds that the Debtor was required to provide Ms. Pizarro with actual written notice of the Bar Date and failed to do so.

There is no dispute that Ms. Pizarro was a known creditor here. Moreover, the record here demonstrates that her address was known to, and at a minimum, reasonably ascertainable by the Debtor. The Debtor filed bank statements in support of his summary judgment motion in the Civil Action (S.D.N.Y. Case No. 20-cv-5783-AKH, ECF No. 229-4 PDF p. 4), which list Ms. Pizarro's address. Given that Debtor publicly disclosed Ms. Pizarro's address in the underlying Civil Action, her address was clearly ascertainable to the Debtor, such that actual Fed. R. Bankr. Pro. 2002(a)(7) notice by mail was required. Not only did the Debtor have Ms. Pizarro's bank

statements showing her address—the same one listed in the proof of claim form (Pizarro Decl. Ex. 2) that she sent to Debtor's counsel—her address was also presumably ascertainable from the books and records of the Debtor's business as she was the general manager and employee of the Debtor's business. *See* Pizarro Decl. ¶¶ 2–3.

Indeed, the Debtor has not disputed that Ms. Pizarro's address was known to him. Instead, Debtor presents two arguments to excuse his lack of service on Ms. Pizarro.

First, the Debtor's counsel claims it could not mail her the Bar Date Notice because "[Ms.] Pizarro did not want her home address filed in the case and disclosed to the Debtor." Debtor's (I) Reply to Maria Pizarro's Response to the Debtor's Objection to Claim No. 6 and (II) Response to Maria Pizarro's Cross-Motion for Leave to File a Claim Late and Allow Such Claim ¶ 3 [ECF No. 42] (the "Opposition). Debtor relies upon several emails in support of his position. One is an email from June 2024 to Debtor's counsel from Ms. Pizarro's counsel in the Civil Action that states, "Please keep her email address confidential, as the case against Mr. Quezada was for sexual assault. The jury found him liable." Email of June 25, 2024, attached as Ex. 1 to Opp. But that email says nothing about the confidentiality of Ms. Pizarro's home address. And nothing in that email reflects Ms. Pizarro's consent to service by email. The remaining three emails are communications directly between Debtor's counsel and Ms. Pizarro starting in August 2024. In all three of the email exchanges, Debtor's counsel asks for Ms. Pizarro's address and Ms. Pizarro responds by providing her email address. *See* Email of August 13, 2024, attached as Ex. 2 to Opp; Email of August 13, 2024, attached as Ex. 3 to the Opp; Email of September 12, 2024, attached as Ex. 5 to the Opp. But nothing in these email exchanges—nor any other documents filed in this case—contains any language that reflects Ms. Pizarro's written consent to waive her right to receive formal service of the Bar Date Notice by mail. If the Debtor was

seeking for Ms. Pizarro to waive her right to actual notice by mail, such a waiver must be voluntary, intentional and clear, particularly given Ms. Pizarro's status as a *pro se* party at the time of these email exchanges. Nothing in the record here meets that standard. *Cf.* Fed. R. Bankr. Pro. 7005 (rule for service in adversary proceedings incorporating Rule 5 of the Federal Rules of Civil Procedure, which includes Fed. R. Civ. P. 5(b)(2)(E) that requires written consent to electronic service).

Debtor's second argument is that, in fact, Ms. Pizarro was represented by counsel. More specifically, Debtor argues that the "two law firms representing Ms. Pizarro were served with the Bar Date Notice on her behalf and she should [have] been deemed aware of the September 12, 2024 bar date." Opp. ¶ 8. Debtor further contends that "[b]ecause the Debtor did not receive any rejection of documents mailed to these law firms" the Debtor now argues that he "reasonably relied upon the ability to mail documents to Brustein and Marino to ensure its notice to the Debtor was adequate." Opp. ¶ 9. But the Court disagrees. There is no evidence that these law firms—who represented Ms. Pizarro in the Civil Action—were representing Ms. Pizarro in the bankruptcy until December 9, 2024. *See* Fed. R. Bankr. Pro. 2002(a)(7) (requiring specific notice by mail be given to the "creditor[]," not their counsel); *Fogel*, 221 F.3d at 963 (noting where a creditor's name and address is reasonably ascertainable, they are "entitled to have that information sent directly to him"); *see also In re Grand Union Co.*, 204 B.R. 864 (Bankr. D. Del. 1997) (discussing authority on when notice of a bar date is properly served on the creditor directly or on counsel and noting that the outcome depends on the facts and circumstances of each case). Indeed, the actions of Debtor's counsel here only confirm that Debtor at the time knew that Ms. Pizarro was representing herself. Debtor's counsel reached out directly to Ms. Pizarro by email repeatedly over the course of months, something that would not be permissible

7

if Debtor's counsel believed that Ms. Pizarro was represented by counsel in the bankruptcy case. In New York, federal courts for such matters look to the ABA Model Rules of Professional Conduct, the ABA Model Code of Professional Responsibility, and the New York Rules of Professional Conduct. *See Shuler v. Liberty Consulting* Services, 2022 U.S. Dist. LEXIS 89488, at *24 (E.D.N.Y. April 4, 2022) (citing *Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004) (various sources of law are considered by courts consider in disciplinary proceedings)). New York Rule of Professional Conduct 4.2(a) provides that:

> In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (emphasis added); N.Y. Rules of Pro. Conduct R. 4.2(a). Indeed, no party has ever raised any issue here about the propriety of Debtor's counsel in reaching out to Ms. Pizarro, precisely because everyone understood her to be representing herself at the time of the contacts here.

In sum, the Debtor was required to provide Ms. Pizarro with actual written notice of the Bar Date and failed to do so. As adequate notice of the Bar Date was not given, the Pizarro Claim was and shall be considered timely filed given that the Bar Date deadline cannot be enforced against her.[3]

---

[3] To the extent that the Debtor relies upon the notion that Ms. Pizarro was aware of the Bar Date as a practical matter, the practicalities of the case cut both ways. When presented with a proof of claim form by email from Debtor's counsel, Ms. Pizarro then emailed the completed claim form back to Debtor's counsel before the Bar Date. Moreover, the Debtor was well aware of his liability to Ms. Pizarro as the Debtor's counsel has explained that the judgment in the Civil Action was the very reason that the Debtor filed for bankruptcy. In any event, the service here is governed by specific rules that require personal service on Ms. Pizarro and that was not done.

8

### III. Excusable Neglect

As an alternative to arguing that she did not receive appropriate notice of the Bar Date, Ms. Pizarro contends that her failure to timely file her proof of claim was due to excusable neglect under Fed. R. Bankr. Pro. 9006(b)(1). Fed. R. Bankr. Pro. 9006(b)(1) provides that "the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Under the circumstances here, the Court concludes that Ms. Pizarro would satisfy the excusable neglect standard.

The Supreme Court has held that the term "neglect" in its ordinary sense means "to give little attention or respect to a matter, or . . . to leave undone or unattended to esp[ecially] through carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993). Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* Whether a claimant's neglect of a deadline is excusable, however, is an equitable determination. *See id.* at 395. A court should consider all relevant circumstances surrounding the claimant's omission, including "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it is within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* However, the *Pioneer* factors are "not given equal weight." *In re Lyondell Chem. Co.*, 543 B.R. 400, 409 (Bankr. S.D.N.Y. 2016).

The Second Circuit has adopted a strict standard on excusable neglect. *See In re Johns–Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007); *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) ("[This Circuit has] taken a hard line in applying the Pioneer test.") (internal citations and

quotations omitted). "[T]he equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule, and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Enron Corp.*, 419 F.3d at 123 (internal quotations omitted). The hardline approach concentrates predominantly on the reason for the claimant's delay, including whether it was within the reasonable control of the claimant because the other three *Pioneer* factors usually weigh in favor of the party seeking the extension. *See id.* at 122. Therefore, under the *Pioneer* analysis, the Court must consider the creditor's reason for delay in filing her proof of claim and whether that reason was reasonably within her control. The Court must also consider the length of the creditor's delay and its potential impact on the judicial proceedings. There is no specific threshold governing when the lateness of a claim is "substantial." *Enron Corp.*, 419 F.3d at 128. Instead, courts consider the degree to which the delay might disrupt the judicial administration of that particular case. *See id.* When considering the factor of prejudice to the Debtor, courts are concerned about opening the floodgates to potential claimants. *See In re Dana Corp.*, 2007 WL 1577763 (Bankr. S.D.N.Y. May 30, 2007), at *6; *see also Enron Corp.*, 419 F.3d at 132 n.2 ("[C]ourts in this and other Circuits regularly cite the potential 'flood' of similar claims as a basis for rejecting late-filed claims.").

The facts here present a strong equitable argument for Ms. Pizarro. Ms. Pizarro's excuse for any delay in properly filing a claim is that she did not receive adequate notice of the Bar Date. *See* Cross Motion ¶ 23. As previously explained, Ms. Pizarro was a known creditor and was not properly served with actual written notice of the Bar Date.

As to the length of delay and prejudice, Ms. Pizarro missed the Bar Date by three months as the Bar Date was September 13, 2024, and Ms. Pizarro did not properly file her claim until

December 9, 2024. But she provided notice of her claim well before that. Once Ms. Pizarro received notice from the Debtor's counsel by email, she sent in her claim by email to counsel the day before the Bar Date. *See* Cross Motion ¶ 10; Cross Motion Ex. 3. Her prompt attention was particularly impressive given that she was a *pro se* creditor at the time and her first language is not English. Once it was discovered that Ms. Pizarro did not properly file her claim with supporting documentation, counsel for Ms. Pizarro then officially submitted her claim. *See* Cross Motion ¶ 12. In the interim, Debtor's counsel filed the Plan on November 12, 2024. *See* Plan. Debtor's counsel claims prejudice by arguing that the "Debtor was forced to file a plan of reorganization on November 12, 2024 that could not accurately reflect the dividend to be provided to creditors because of the absence of the Pizarro Claim." Claim Obj. ¶ 20. But that argument rings hollow. Debtor's counsel had a copy of the claim that Ms. Pizarro emailed back to Debtor's counsel before the Bar Date. Moreover, Debtor was well aware of the basis for Ms. Pizarro's status as creditor as Debtor commenced the bankruptcy case on account of Ms. Pizarro's judgment. *See* Pizarro Decl. ¶ 7; Pizarro Decl. Ex. 3; Plan at 2; Plan Ex. B.

As to the last factor, good faith would be satisfied by Ms. Pizarro's providing her proof of claim to the Debtor's counsel by email—the same way Ms. Pizarro received notice—before being able to secure counsel to appear in this case and file the claim on her behalf. *See* Pizarro Decl. ¶¶ 7, 10 (noting that the bankruptcy case was outside the scope of counsel's original engagements). She also later attempted to upload a PDF of her claim to the Court, using a *pro se* upload tool that she mistakenly believed could be used for that purpose. *See id.* ¶ 8-9.

11

## CONCLUSION

Based on the foregoing, the Debtor's Claim Objection is denied. For the same reasons, Ms. Pizarro's Cross Motion is granted, and Claim No. 6 shall be treated as timely filed.

Dated: White Plains, New York
March 31, 2025

/s/ *Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE